IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. 10-514 ) |
| v. | ) ) ) JURY TRIAL DEMAND |
| THE TWINS GROUP – PH, LLC d/b/a PIZZA HUT | ) ) |
| Defendant. | ) ) |

## COMPLAINT

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") brings this action against The Twins Group – PH, LLC d/b/a Pizza Hut ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), Title I and Title V of the Americans with Disabilities Act of 1990 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and disability and to provide appropriate relief to Jane Doe ("Doe") who was adversely affected by such practices.  The Commission alleges Defendant subjected Doe to adverse terms and conditions of employment, retaliation and termination because of her pregnancy in violation of Title VII.  The Commission further alleges Defendant regarded Doe as disabled and subjected her to adverse terms and conditions of employment, a prohibited inquiry into whether or not she had Hepatitis C, retaliation, termination and failed to keep medical information confidential in violation of the ADA.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a), § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to § 102 of the Civil Rights of Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States Court for the Southern District of Ohio, Cincinnati Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and Title I of the ADA and is expressly authorized to bring this action by § 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  Defendant The Twins Group – PH, LLC d/b/a Pizza Hut is a Delaware Corporation, registered to do business in the State of Ohio. At all relevant times, Defendant has been doing business in Ohio and the city of Cincinnati, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under § 101(5) of the ADA, 42 U.S.C. § 12111(5), and § 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).

6. At all relevant times, Defendant has been a covered entity under § 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Doe filed a charge with the Commission alleging violations of Title VII and the ADA by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least 2009, Defendant has engaged in unlawful employment practices in violation of § 703(a)(1) of Title VII,  42 U.S.C. § 2000e-2(a)(1) by subjecting Doe to adverse terms and conditions of employment, including reducing her hours, and terminating her employment because of her pregnancy.

9. Since at least 2009, Defendant has engaged in unlawful employment practices in violation of § 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by subjecting Doe to retaliation, including retaliatory termination, for complaining about her mistreatment.

10. Since at least 2009, Defendant has engaged in unlawful employment practices in violation of:

a. Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a), by subjecting Doe to adverse terms and conditions of employment, including making changes to her work schedule, and terminating her because it regarded her as disabled;

b. Section 102(d)(4) of Title I of the ADA, 42 U.S.C. § 12112(d)(4) by subjecting Doe to a prohibited medical inquiry into whether or not she had Hepatitis C;

c. Section 102(d)(3)(B) and (C) of Title I of the ADA, 42 U.S.C. §§ 12112(d)(3)(B) and (C) by failing to keep Doe's medical information confidential; and

d. Section 503(a) of Title I of the ADA, 42 U.S.C. § 12203(a) by subjecting Doe to

retaliation, including retaliatory termination, for complaining about her mistreatment.

11. The effect of the unlawful employment practices complained of in the paragraphs above has been to deprive Doe of equal employment opportunities.

12. The unlawful employment practices complained of in the paragraphs above were intentional.

13. The unlawful employment practices complained of in the paragraphs above were done with malice or with reckless indifference to the federally protected rights of Doe.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from refusing to hire qualified individuals with disabilities or from engaging in any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices

C. Order Defendant to make Doe whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement of Doe or order an award of front pay in an amount to be proved at trial if instatement is impractical.

D. Order Defendant to make whole Doe by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the

paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and job search expenses in amounts to be determined at trial.

  E.  Order Defendant to pay Doe punitive damages for its malicious and reckless conduct, as described above, in an amount to be determined at trial.

  F.  Grant such further relief as the Court deems necessary and proper in the public interest.

  G.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    Respectfully submitted,

    s/ Laurie A. Young
    LAURIE A. YOUNG,
    Regional Attorney, #11480-49

    s/ Michelle Eisele
    MICHELLE EISELE,
    Supervisory Trial Attorney, #12070-49

    s/ Aimee L. McFerren
    Aimee L. McFerren
    Kentucky Bar No.: 89912
    Federal I.D. No.: 36953
    EQUAL EMPLOYMENT OPPORTUNITY
      COMMISSION
    600 Dr. Martin Luther King, Jr. Place
    Suite 268
    Louisville, KY 40202
    502-582-6308
    502-582-5435 (fax)
    aimee.mcferren@eeoc.gov