IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. 10-514 ) |
| v. | ) ) ) JURY TRIAL DEMAND |
| THE TWINS GROUP – PH, LLC d/b/a PIZZA HUT | ) ) |
| Defendant. | ) ) ) |

## CONSENT DECREE

Plaintiff, the United States Equal Employment Opportunity Commission ("Plaintiff," "Commission" or "EEOC"), and Rachel Giesman ("Charging Party") alleged that Defendant The Twins Group – PH, LLC d/b/a Pizza Hut located in Cincinnati, Ohio ("Defendant") violated Title VII of the Civil Rights Act of 1964, Title I of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991. Defendant denies said claims.

The Charging Party commenced EEOC Charge No. 473-2009-01471.

On December 22, 2009, Defendant commenced a case under Chapter 11 and Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court").

The Charging Party and EEOC filed claims or had claims filed on their behalf in the Bankruptcy Case ("Bankruptcy Claim"). In addition, EEOC commenced Civil Action No. 10-514.

Plaintiff and Defendant wish to avoid the risks, uncertainties and expenses of continued litigation. Accordingly, the parties have agreed to settle this lawsuit. Nothing in this agreement is intended to be, nor will it be construed to be, an admission of liability by Defendant.

Plaintiff and Defendant stipulate to satisfaction of all administrative prerequisites and the jurisdiction of the Court for the purposes of approving this Decree, the monetary provisions of which are subject to approval of the Bankruptcy Court. The date that is the later of (i) the entry of an Order by the Bankruptcy Court approving the monetary provisions of the Decree, and (ii) entry of an Order by the District Court approving this Decree shall be referred to herein as "the Effective Date."

It is, therefore, the finding of this Court, based on the pleadings and the record as a whole that this Decree resolves with prejudice the issues raised by the Complaint of the Commission.

In consideration of the mutual promises made below, Plaintiff and Defendant individually and collectively agree and it is therefore ORDERED AND DECREED as follows:

1. This Decree is entered in full and complete settlement with prejudice of any and all claims arising out of or contained in this lawsuit, Civil Action No. 10-514, in EEOC Charge No. 473-2009-01471 and in any proof of claim filed by the Charging Party and/or the EEOC in the Bankruptcy Case (the "Bankruptcy Claims").

2. This Decree shall remain in effect for two (2) years from the Effective Date ("the Consent Period") or until Defendant ceases to exist.

3. Defendant agrees it shall not violate Title VII or the ADA by discriminating against any employee because of his or her sex or disability status and/or by unlawfully retaliating against any individual because of his or her complaints of discrimination, or because he or she opposed any practice made an unlawful employment practice by Title VII and/or the

ADA, or because he or she opposed a practice which he or she reasonably believed to be unlawful under Title VII and/or the ADA, or because he or she filed a Charge of Discrimination with the EEOC and/or any local, state or federal fair employment practices agency, or provided testimony or evidence related to this lawsuit or to the investigation of an EEOC Charge of Discrimination.

4. Before August 10, 2010, Defendant will provide training to Jean Leslie, Phil Oreste and Candice Horigan with respect to Title VII of the Civil Rights Act of 1964, the Pregnancy Discrimination Act, and the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008, and the requirements prohibiting retaliation. Within ten (10) days of completion of the training, Defendant agrees to confirm in writing that the training occurred as agreed.

5. In settlement of this dispute and in full and final satisfaction of the Charge, the Lawsuit and the Bankruptcy Claim, Defendant shall compensate the Charging Party $5,382.50, less applicable payroll tax withholdings. Said amount will be deemed back wages earned within 180 days before filing of the Bankruptcy Petition, and shall be entitled to priority under 11 U.S.C. § 507(a). Said payment shall be made within seven (7) days after notification as set forth in paragraph 7 below. Upon payment, the Bankruptcy Claims shall be deemed withdrawn.

6. Defendant agrees to move and obtain from the Bankruptcy Court an Order approving and authorizing compromise and settlement of this controversy. In the event the Bankruptcy Court does not enter an Order allowing the payment of the claim detailed in paragraph 5 above, within ninety (90) days of the entry of this Consent Decree, the EEOC may reinstate this action without the need for filing a new complaint and this Consent Decree shall become null and void.

7. The EEOC shall notify counsel for Defendant, within seven (7) days of the Effective Date, of the address to which the check to the Charging Party will be mailed, via certified mail – return receipt requested. A copy of the check shall be mailed to the EEOC, in the care of Laurie A. Young, Regional Attorney, or her successor, Equal Employment Opportunity Commission, 101 W. Ohio St., Suite 1900, Indianapolis, Indiana, 46204.

8. Defendant agrees not to reference any of the following to any potential employers of the Charging Party: the Charge of Discrimination, the Commission's lawsuit, or this Decree.

9. Defendant agrees to provide prospective employers of Charging Party her name and last position held, and will state that the fact that no further information is provided does not reflect negatively on her, but is consistent with Defendant's policy concerning job references.

10. Charging Party will execute the Release attached as Exhibit A.

11. RETENTION OF JURISDICTION BY COURT: The Court will retain jurisdiction of this cause throughout the duration of this Decree for the sole purpose of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

12. Nothing in this Decree shall be construed to preclude the Commission from filing a separate action under Title VII, the ADA or any other statute which the Commission enforces in the future for any alleged violations by Defendant not resolved by this Decree.

13. Each signatory certifies that he or she is authorized to execute this document on behalf of the party or parties whom he or she represents.

IT IS SO ORDERED:

August 5, 2010
Date

Susan J. Dlott
Judge, United States District Court

Agreed and Consented to by:

*[signature]*
Aimee L. McFerren
Equal Employment Opportunity Commission
Attorney for Plaintiff

7/30/10
Date:

*[signature]*
John Kallergis
CEO
The Twins Group PH LLC

7/20/10
Date:

## EXHIBIT A

### Release Agreement

In consideration of $5,382.50 to be paid to me by The Twins Group – PH, LLC d/b/a Pizza Hut in connection with the resolution of EEOC vs. The Twins Group – PH, LLC d/b/a Pizza Hut, C.A. No. 10-514 , I waive my right to recover for any claims of employment discrimination arising under Title VII of the Civil Rights Act of 1964 or Title I of the Americans with Disabilities Act that I had against The Twins Group – PH, LLC d/b/a Pizza Hut prior to the date of this release and that were included in the claims in EEOC's complaint in EEOC vs. The Twins Group – PH, LLC d/b/a Pizza Hut.

Signature: *Rachel Hiesman*
Rachel Giesman

Date: 8-2-10